UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORBIN COWAN, DAWN COWAN, | § | |
| STRATEGIC EQUITY PARTNERS, LLC, | § | |
| TRIUMPH TECHNOLOGIES, LLC, | § | |
| CAB VENTURES, LLC, JEREMY ENGEL, | § | |
| SPARTAN MARKETING & INVESTMENTS, | § | |
| LLC, INTELLITECH SOLUTIONS, LLC, | § | |
| SOLIDA EQUITY PARTNERS, LLC, AND | § | |
| JOSH KIRK, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-04476 |
| | § | |
| JAMES TYLER BOYD, | § | |
| MIKE BOGGS, PETER D. HATZIPETROS, | § | |
| THE EDEN ALLIANCE, LLC, | § | |
| ANGELS CODING, LLC, AND | § | |
| DAWN BOGGS, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT ANGELS CODING, LLC MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Subject to and without waiving any argument that the claims against it must be arbitrated,

defendant Angels Coding, LLC moves this Court to dismiss the claims of plaintiffs Corbin Cowan,

Dawn Cowan, Strategic Equity Partners, LLC, Triumph Technologies, LLC, Cab Ventures, LLC,

Jeremy Engel, Spartan Marketing & Investments, LLC, Intellitech Solutions, LLC, Solida Equity

Partners, LLC, and Josh Kirk (collectively, "Plaintiffs") against it for failure to state a claim upon

which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

# <u>TABLE OF CONTENTS</u>

TABLE OF CITATIONS ............................................................................................. iii

SUMMARY .............................................................................................................. 1

NATURE AND STAGE OF PROCEEDING ............................................................. 2

STATEMENT OF ISSUES ...................................................................................... 2

FACTUAL BACKGROUND .................................................................................... 3

      A.    Angels Coding, LLC. ................................................................. 3

      B.    Plaintiffs' Allegations About Angels Coding, LLC In The Complaint Are Limited. ......................................................................................... 3

ARGUMENT ........................................................................................................... 4

I.    The Court Should Reject Plaintiffs' Unilateral Reverse Veil Piercing............................ 4

II.    Plaintiffs Have Failed To Adequately Plead Plausible Claims Against Angels Coding. ................................................................................................... 5

      A.    Plaintiffs' RICO Conspiracy Claim Should Be Dismissed.................................... 6

      B.    Plaintiffs Have Not Pleaded A Basis To Sue Angels Coding For Breach Of Fiduciary Duty. ......................................................................... 7

      C.    Plaintiffs Fail To State A Claim For Unjust Enrichment........................................ 9

      D.    Plaintiffs' Fraud-Based Claims Fail..................................................... 10

      E.    Plaintiffs' Securities and Exchange Act Claim Has Fundamental Structural And Factual Flaws. ............................................................. 12

      F.    Plaintiffs' Texas Securities Act Claim Should Be Dismissed. ............................ 16

      G.    Plaintiffs' Fraud Conspiracy Claim Should Be Dismissed.................................. 18

CONCLUSION........................................................................................................ 19

## <u>TABLE OF CITATIONS</u>

**Cases**

*ABC Arbitrage Plaintiffs Group v. Tchuruk*,
    291 F.3d 336 (5th Cir. 2002) ........................................................................16

*Alexander v. C.I.R.*,
    194 F.2d 921 (5th Cir. 1952) .........................................................................8

*Allstate Ins. Co. v. Donovan*,
    No. H-12-0432, 2012 WL 2577546 (S.D. Tex. July 30, 2012)...........................6, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................2, 3

*Bank of New York Mellon*,
    No. CV H-16-3238, 2017 WL 3424975 (S.D. Tex. Aug. 9, 2017) .........................11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................2, 3, 19

*Benchmark Elec., Inc. v. J.M. Huber Corp.*,
    343 F.3d 719 (5th Cir. 2003) .....................................................................3, 13

*Bradford v. Vento*,
    48 S.W.3d 749 (Tex. 2001) ..........................................................................12

*California Pipe Recycling, Inc. v. Sw. Holdings, Inc.*,
    No. CIV.A. H-09-2502, 2010 WL 56053 (S.D. Tex. Jan. 5, 2010)......................1, 5

*Chaney v. Dreyfus Service Corp.*,
    595 F.3d 219 (5th Cir. 2010) .........................................................................6

*Crowe v. Henry*,
    43 F.3d 198 (5th Cir.1995)............................................................................6

*Davis–Lynch, Inc. v. Moreno*,
    667 F.3d 539 (5th Cir. 2012) .........................................................................6

*Dawes v. Imperial Sugar Co.*,
    975 F. Supp.2d 666 (S.D. Tex. 2013) ............................................................15

*Dorsey v. Portfolio Equities, Inc.*,
    540 F.3d 333 (5th Cir. 2008) ........................................................................16

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005).............................................................................13, 15

iii

*Gilbreath v. Horan*,
  No. 01-17-00316-CV, 2023 WL 3011614 (Tex. App.—Houston [1st Dist.]
  Apr. 20, 2023, pet. denied).........................................................................................7

*Harris Cty. v. MERSCORP Inc.*,
  791 F.3d 545 (5th Cir. 2015) .....................................................................................9

*Hart v. Bayer Corp.*,
  199 F.3d 239, 247 (5th Cir. 2000) ............................................................................10

*Hermann Holdings Ltd. v. Lucent Technologies Inc.*,
  302 F.3d 552 (5th Cir. 2002) ...................................................................................16

*Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*,
  377 F. App'x 422 (5th Cir. 2010) (per curiam) ........................................................18

*In re Cogent Energy Services, LLC*,
  No. 23-33659, 2024 WL 3770041 (S.D. Tex. Aug. 12, 2024) ................................17

*In re Enron Corp. Securities, Derivative & ERISA Lit'n*,
  No. MDL-1446, 2004 WL 764664 (S.D. Tex. Mar. 31, 2004) ...............................17

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  834 F. Supp. 2d 566 (S.D. Tex. 2011) .....................................................................12

*In re Heartland Payment Sys., Inc. v. Customer Data Sec. Breach Lit'n*,
  No. H-10-171, 2011 WL 1232352 (S.D. Tex. Mar. 31, 2011) ..................................8

*In re Marriage of Moncur*,
  640 S.W.3d 309 (Tex. App.—Houston [14th Dist.] 2022, no pet.).........................12

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
  920 F.3d 890 (5th Cir. 2019) .....................................................................................3

*Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*,
  537 F.3d 527 (5th Cir. 2008) ...................................................................................15

*Izadjoo v. Helix Energy Solutions Group, Inc.*,
  237 F. Supp.3d 492 (S.D. Tex. 2017).............................................................12, 13, 15

*Lincoln v. Turner*,
  874 F.3d 833 (5th Cir. 2017) .....................................................................................3

*Lormand v. U.S. Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ...................................................................................15

*Manax v. McNamara*,
  842 F.2d 808 (5th Cir.1988) ......................................................................................6

*Martinez Tapia v. Chase Manhattan Bank*,
  149 F.3d 404 (5th Cir. 1998) ...................................................................8

*Matrixx Initiatives, Inc. v. Siracusano*,
  563 U.S. 27 (2011) ..................................................................................14

*Meyer v. Cathey*,
  167 S.W.3d 327 (Tex. 2005) ....................................................................7

*Nolen v. Nucentrix Broadband Networks Inc.*,
  293 F.3d 926 (5th Cir.), *cert. denied*, 537 U.S. 1047 (2002) ....................6

*North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*,
  781 F.3d 182 (5th Cir. 2015) ....................................................................6

*Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*,
  573 F. Supp.3d 1161 (S.D. Tex. 2021) ....................................................8

*Perales v. Bank of America, N.A.*,
  No. H-14-1791, 2014 WL 3907793 (S.D. Tex. Aug. 11, 2014) .................9

*Pinter v. Dahl*,
  486 U.S. 622 (1988) ................................................................................17

*R2 Invs. LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) .............................................................13, 14

*Redwood Resort Props., LLC v. Holmes Co. Ltd.*,
  No. 3:06-CV-1022-D, 2006 WL 3531422 (N.D. Tex. Nov. 27, 2006) .........9

*Richard Nugent & CAO, Inc. v. Est. of Ellickson*,
  543 S.W.3d 243 (Tex. App.—Houston [14th Dist.] 2018, no pet.)..............5

*Schott v. Nobilis Health Corp.*,
  211 F. Supp.3d 936 (S.D. Tex. 2016) .....................................................15

*Schouest v. Medtronic*,
  92 F. Supp. 3d 606 (S.D. Tex. 2015).......................................................11

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
  365 F.3d 353 (5th Cir. 2004)....................................................9, 13, 15, 17

*SSP Partners v. Gladstrong Invs. (USA) Corp.*,
  275 S.W.3d 444 (Tex. 2008) .................................................................4, 5

*Stephens v. Uranium Energy Corp.*,
  No. H-15-1862, 2016 WL 3855860 (S.D. Tex. July 15, 2016)................14

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..................................................................................................15

*Tilton v. Marshall*,
    925 S.W.2d 672 (Tex. 1996) ...................................................................................18

*Trendsetter Investors, LLC v. Hyperdynamics Corp.*,
    No. H-06-0746, 2007 WL 172627 (S.D. Tex. Jan. 18, 2007) ..................................13

*Tuchman v. DSC Commc'ns Corp.*,
    14 F.3d 1061 (5th Cir. 1994) ...................................................................................10

*U.S. ex rel. Briseno v. Hillcroft Medical Clinic Ass'n*,
    No. 4:20-cv-02871, 2022 WL 17417178 (S.D. Tex. Dec. 5, 2022) ........................11

*U.S. ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ...................................................................................19

*W. Texas Nat. Bank v. FEC Holdings, LP*,
    No. MO-11-CV-086, 2013 WL 2158947 (W.D. Tex. May 17, 2013) ........................7

*Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*,
    No. CIV.A. H-06-1492, 2007 WL 400094 (S.D. Tex. Feb. 1, 2007) ......................20

*Williams v. Apple Inc.*,
    No. H-19-782, 2019 WL 2057960 (S.D. Tex. May 9, 2019) .....................................9

*Williams v. WMX Techs., Inc.*,
    112 F.3d 175 (5th Cir. 1997) .......................................................................10, 11, 16

*Willis v. Donnelly*,
    199 S.W.3d 262 (Tex. 2006) ...................................................................................12

*Zahra Spiritual Trust v. U.S.*,
    910 F.2d 240 (5th Cir. 1990) .....................................................................................4

**Statutes**

15 U.S.C. § 77z-2(c)(1)..................................................................................................13

15 U.S.C. § 78j(b).................................................................................................2, 5, 12

15 U.S.C. § 78u-4 .............................................................................................13, 14, 15

15 U.S.C. § 78u-4(b)(1) ................................................................................................13

15 U.S.C. § 78u-4(b)(2) .........................................................................................13, 15

15 U.S.C. § 78u-4(b)(4) ...................................................................................................15

15 U.S.C. § 78u-5(c)(1) ...................................................................................................13

18 U.S.C. § 1962 .......................................................................................................4, 5, 6

18 U.S.C. § 1962(b) ...........................................................................................................7

18 U.S.C. § 1962(c) ...................................................................................................4, 5, 6

18 U.S.C. § 1962(d) ...................................................................................................2, 5, 6

Tex. Gov't Code § 4008.051 ...............................................................................2, 5, 16, 17

Tex. Gov't Code § 4008.055(c) ........................................................................................18

Tex. Rev. Civ. Stat. Art. 581-33 ......................................................................................16

**Rules**

Fed. R. Civ. P. 9(b)................................................................................................. *passim*

Fed. R. Civ. P. 9(d)...........................................................................................................10

Fed. R. Civ. P. 12(a)...........................................................................................................2

Fed. R. Civ. P. 12(b)(6) ........................................................................................... *passim*

Fed. R. Evid. 201 ................................................................................................................3

## SUMMARY

This case involves an unsuccessful technology innovation to profit from incremental discrepancies across over 50 decentralized cryptocurrency exchanges, markets, and platforms. According to the Complaint, defendant James Boyd "singlehandedly" corrupted the back end of this technological process to perpetrate an alleged "Ponzi scheme." Compl. [Dkt. 1] ¶¶48, 59. If this suit survives the many jurisdictional and pleading problems borne out of Plaintiffs' over-pleading, a core question will be which individuals had knowledge, agency, or the lack thereof in Boyd's chicanery.

Defendant Angels Coding, LLC ("Angels") has little or nothing to add to that question. Even taking the allegations in the Complaint as true, Angels operated as a mere "vehicle" for the principals to this dispute, rather than an entity with any volition concerning the events giving rise to litigation. Compl. [Dkt. 1] ¶15. Mentioned in only 2 of the 53 paragraphs of pre-claim factual allegations in the Complaint, Plaintiffs merely allege that (i) Angels is a "shell entity" formed by one of the defendants and (ii) Angels received money from one of the Plaintiffs for work it did not perform as a "conduit" in Boyd's scheme. *Id.* ¶¶15, 31. In accord, Plaintiffs have only named Angels as a defendant in four of eleven causes of action (Counts Two, Nine, Ten, and Eleven), and it is presumably included as one of the unspecified "Defendants" sued for five of the remaining causes of action (Counts Four, Five, Six, Seven, and Eight). Plaintiffs have not sued Angels for racketeering (Count One) or conversion (Count Three).

As a threshold matter, this Court should rebuff Plaintiffs' attempt to engage in reverse veil-piercing by fiat. The Complaint repeatedly describes Angels as a mere tool or business conduit of Boyd or Boggs. Under normal circumstances and Texas law, Plaintiffs would therefore need to make an evidentiary showing to pursue liability directly against Angels, as suing both an individual and a corporate form "is available only when necessary." *California Pipe Recycling, Inc. v. Sw.*

1

*Holdings, Inc.*, No. CIV.A. H-09-2502, 2010 WL 56053, at *7 (S.D. Tex. Jan. 5, 2010). The Complaint does not make a showing to justify dragging Angels into this suit.

If, however, Plaintiffs are allowed to multiply the parties and sue a mere conduit for the conduct of others, then Plaintiffs fail to sufficiently state a basis to proceed on any of their nine claims against Angels. Simply put, Angels neither took any overt action nor formed any knowledge or motivation about the matters at the heart of this case, and Plaintiffs' threadbare claims against Angels bear this out. Angels's passive receipt of some alleged proceeds of an improper scheme perpetrated by others does not expose Angels to liability as a matter of law.

## NATURE AND STAGE OF PROCEEDING

Plaintiffs filed this lawsuit on September 19, 2025. *See* Dkt. 1. A summons was issued for Angels Coding, LLC on October 1, 2025. *See* Dkt. 6. The parties had a good faith dispute about whether Angels was served with process; therefore, counsel reached an agreement for Angels to serve an initial responsive pleading by December 4, 2025. This Motion is Angels's first appearance. Angels seeks to have this case dismissed failure to state a claim upon which relief can be granted within the timeline set forth in Federal Rule of Civil Procedure 12(a) and the parties' agreement. Angels also intends to join a motion to compel arbitration as a form of alternative preliminary relief, and it reserves all related rights.

## STATEMENT OF ISSUES

1.  Whether Plaintiffs have stated plausible claims against Angels Coding, LLC for RICO conspiracy (Count Two), breach of fiduciary duty (Count Four), unjust enrichment (Count Five), fraud (Count Six), fraudulent inducement (Count Seven), fraudulent concealment (Count Eight), violation of Section 10(b) of the U.S. Securities Exchange Act (Count Nine), violation of the Texas Securities Act (Count Ten), or fraud conspiracy (Count Eleven).

    **Standard of review:** To "state a claim upon which relief can be granted" under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555). In a case alleging fraud like this one, Rule 9(b) requires, "[a]t a minimum, . . . allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## FACTUAL BACKGROUND

### A. Angels Coding, LLC.

Defendant Angels Coding, LLC is a limited liability company formed in the State of Wyoming with its principal place of business in Pennsylvania. Compl. [Dkt. 1] ¶15. Angels shares a physical address with defendant Mike Boggs, *id.*, and Mr. Boggs is Angels's lone member.

### B. Plaintiffs' Allegations About Angels Coding, LLC In The Complaint Are Limited.

The Complaint alleges no affirmative, improper acts by Angels. Instead, Plaintiffs' grievances with Angels involve the following two indirect allegations:

- Defendant Peter Hatzipetros formed Angels as a "shell entity" during the operation of the cryptocurrency arbitrage system allegedly operated by other defendants (Compl. [Dkt. 1] ¶¶93(d), 105); and

- Angels received over $5 million in payments from plaintiff Intellitech Solutions, LLC for the stated purpose of developing hardware and infrastructure to enhance the cryptocurrency arbitrage system (*Id.* ¶¶31, 61, 83(d), 86(c), 89(c), 89(d), 93(c), 99(d), 100, 108(a)).

3

Throughout the Complaint, Plaintiffs refer to Angels as a "vehicle," "conduit," or "shell entity." *See, e.g.*, *id.* ¶¶15, 31, 83(d), 93(d), 105. The Complaint alleges that Intellitech transferred US Dollars and cryptocurrency to Angels between "January–May 2025." *Id.* at 17. Plaintiffs do not allege any link between Angels and any plaintiff other than Intellitech.

Plaintiffs have not sued Angels for every cause of action in the Complaint. Angels is not an alleged member of the purported "association-in-fact enterprise" in Count One (Civil RICO), *see id.* ¶¶55–56, and Plaintiffs do not allege that Angels converted Plaintiffs' "cryptocurrency and other digital assets" in Count Three (Conversion), *id.* ¶71. While some of the remaining causes of action are vaguely pleaded against "Defendants," neither Angels nor its alleged receipt of investor assets are mentioned as delineated predicate acts in Count Four (breach of fiduciary duty) or Count Five (unjust enrichment).

## <u>ARGUMENT</u>

### I.    The Court Should Reject Plaintiffs' Unilateral Reverse Veil Piercing.

Courts appropriately discourage the addition of parties to costly and vexing litigation merely based on their proximity or relationship to proper parties to the suit. Texas courts occasionally make an exception to this policy for "reverse veil piercing"—where a corporation is held liable for a closely-related individual's debt—but *only* upon a showing that (a) the corporation is organized and operated as a mere tool or business conduit of the proper party, (2) there is such "unity between corporation and individual that the separateness of the corporation has ceased," and (3) holding only the corporation or individual liable would result in injustice. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454-55 (Tex. 2008). Such a showing should consider the "totality of the circumstances." *Zahra Spiritual Trust v. U.S.*, 910 F.2d 240, 244 (5th Cir. 1990).

4

Reverse veil piercing is disfavored. This Court has explained that the practice "is available only when necessary to prevent fraud or illegality or injustice." *California Pipe*, 2010 WL 56053, at *7. Where a party does not or cannot present evidence to establish all three requirements above, the party should not be allowed to seek liability against the "mere tool or business conduit." *See, e.g.*, *Richard Nugent & CAO, Inc. v. Est. of Ellickson*, 543 S.W.3d 243, 266 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

The Complaint in this case plainly shows that Plaintiffs view Angels as a mere business "conduit" of the person or people behind the Boyd cryptocurrency arbitrage scheme, rather than an autonomous tortfeasor. *See* Compl. [Dkt. 1] ¶¶31 ("The Angels Coding entity did not perform legitimate hosting operations but rather acted as a conduit for siphoning assets."), 83(d) ("it served as a laundering conduit"). Yet Plaintiffs nonetheless elected to short-circuit the fairness and other considerations set forth by the Texas Supreme Court and this Court to sue Angels in the first instance. Plaintiffs should not be allowed to have it both ways. Angels respectfully asks this Court to dismiss all claims against it as a matter of equity, even if such dismissal is without prejudice to Plaintiffs seeking joinder upon a satisfactory showing of the factors in *SSP Partners v. Gladstrong*.

## II.    Plaintiffs Have Failed To Adequately Plead Plausible Claims Against Angels Coding.

Plaintiffs appear to sue Angels for nine of the eleven causes of action in the Complaint: RICO conspiracy (Count Two), breach of fiduciary duty (Count Four), unjust enrichment (Count Five), fraud (Count Six), fraudulent inducement (Count Seven), fraudulent concealment (Count Eight), violation of the U.S. Securities and Exchange Act (Count Nine), violation of the Texas Securities Act (Count Ten), and fraud conspiracy (Count Eleven). The Court should dismiss all of these claims under Rule 12(b)(6).

### A.      Plaintiffs' RICO Conspiracy Claim Should Be Dismissed.

Count Two alleges that Angels and four other defendants are liable under 18 U.S.C. § 1962(d), which essentially makes it unlawful to conspire to violate one of the substantive provisions of the RICO statute.  To state a claim under Section 1962(d), Plaintiffs must make a two-part showing: (1) two or more persons agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense.  *See Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir.2012) (citing *Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 239 (5th Cir. 2010)).  To survive a motion to dismiss, a plaintiff alleging a RICO conspiracy claim must satisfy the second prong by specially and plausibly alleging a "meeting of the minds."  *North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015).  The Complaint falls short of these requirements in two respects.

First, Angels cannot be liable for RICO conspiracy when Plaintiffs do not even attempt to claim that Angels is liable for a substantive RICO claim.  *Cf.* Compl. [Dkt. 1] ¶¶55–56.  Without a viable claim under 18 U.S.C. § 1962(c) tethered to Count Two, Plaintiffs' claims for RICO conspiracy fail as a matter of law.  *See Nolen v. Nucentrix Broadband Networks Inc.,* 293 F.3d 926, 930 (5th Cir.), *cert. denied,* 537 U.S. 1047 (2002) (acknowledging that failure to plead the requisite elements of another § 1962 violation means plaintiff cannot plead a conspiracy to violate that section under § 1962(d)); *Manax v. McNamara,* 842 F.2d 808, 812 (5th Cir.1988) (approving dismissal of RICO conspiracy claim because plaintiff failed to sufficiently plead the existence of a RICO enterprise); *Allstate Ins. Co. v. Donovan*, No. CIV.A. H-12-0432, 2012 WL 2577546, at *15 (S.D. Tex. July 3, 2012) (dismissing §1962(d) claims under Rule 12(b)(6)).

Second, Plaintiffs must meet the heightened pleading standards of Rule 9(b) to state a plausible RICO conspiracy claim.  In *Crowe v. Henry,* 43 F.3d 198, 205 (5th Cir.1995), the Fifth Circuit affirmed a Rule 12(b)(6) dismissal of mere "conclusory" allegations of a conspiratorial

agreement to engage in conduct prohibited under 18 U.S.C. § 1962(b).  *See also W. Texas Nat. Bank v. FEC Holdings, LP*, No. MO-11-CV-086, 2013 WL 2158947, at *8 (W.D. Tex. May 17, 2013).  Count Two, however, fails again to plead with particularity.  For example, the Complaint broadly alleges, "Each Defendant understood the scope of the unlawful scheme and joined in it to achieve its fraudulent purpose," Compl. [Dkt. 1] ¶66, but this conclusory statement is *the only allegation regarding Angels's state of mind in the entire Complaint.*  As a result, questions abound: who in particular reached this understanding? when did Angels 'understand'? when did each defendant join? and what is the "scope of the unlawful scheme" defendants are purported to understand?  Further, the Complaint does not even try to plead a "meeting of the minds" or specific intent to engage in prohibited racketeering activity, much less support such allegations with plausible facts.  The Court should dismiss such baldly deficient allegations and Count Two.

### B.     Plaintiffs Have Not Pleaded A Basis To Sue Angels Coding For Breach Of Fiduciary Duty.

In order to proceed on Count Four for breach of fiduciary duty, the Complaint must plausibly allege, among other elements, that Plaintiffs and Angels had a fiduciary relationship.  *See Gilbreath v. Horan*, No. 01-17-00316-CV, 2023 WL 3011614, at *38 (Tex. App.—Houston [1st Dist.] Apr. 20, 2023, pet. denied).  The determination of whether such a duty exists can be a question of law.  *See Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005).

The Complaint does not plausibly allege that Angels had a relationship with Plaintiffs, much less a formal or informal relationship sufficient to create a fiduciary duty.  Plaintiffs' full allegation to establish a duty reads: "By soliciting and receiving digital assets from Plaintiffs for the purpose of trading on their behalf, Defendants assumed a fiduciary duty to act with the utmost good faith, loyalty, and care."  Compl. [Dkt. 1] ¶75.  This allegation fails as a matter of law in two respects.  First, this lone allegation plainly does not apply to Angels.  The Complaint does not

allege that Angels "solicit[ed] digital assets" or received funds "for the purpose of trading." To the contrary, Plaintiffs repeatedly claim that Angels received investor assets as a passive "conduit." *E.g.*, *id.* ¶¶31, 83(d). Without even alleging the existence of a fiduciary relationship, Plaintiffs cannot possibly state a viable claim for breach of fiduciary duty.

Second, assuming *arguendo* that Angels solicited Plaintiffs' "digital assets" for trading purposes contrary to the four corners of the Complaint, the relationship actually described in the Complaint is more akin to a donee, which does not owe a fiduciary duty, than a securities broker authorized to exercise his or her discretion on behalf of the principal. *Compare Alexander v. C.I.R.*, 194 F.2d 921, 923 n.3 (5th Cir. 1952) (distinguishing donation from transfer with strings attached, which may give rise to fiduciary duty), *with Martinez Tapia v. Chase Manhattan Bank*, 149 F.3d 404, 412 (5th Cir. 1998) (securities broker). In short, taking the allegations in the Complaint as true, Plaintiffs have not pleaded a fiduciary duty under Texas law.

This Court recently dismissed a similar claim for breach of fiduciary duty under Rule 12(b)(6). *See Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 573 F. Supp.3d 1161 (S.D. Tex. 2021); *see also, e.g.*, *In re Heartland Payment Sys., Inc. v. Customer Data Sec. Breach Lit'n*, No. H-10-171, 2011 WL 1232352, at *19–21 (S.D. Tex. Mar. 31, 2011) (dismissing claims upon finding that "the allegations . . . [of] fiduciary duties" were "insufficient"). In *Occidental Petroleum*, a plaintiff company sued the trustee of a rabbi trust for failing to sell shares of stock before the stock market crashed due to the COVID-19 pandemic. 573 F. Supp.3d at 1163–64. This Court rejected arguments by the plaintiff for the existence of both a formal and informal fiduciary relationship as a matter of law. *Id.* at 1167–71. The Complaint here does not support even a trace of such a duty. The Court should dismiss Plaintiffs' fiduciary duty claim just like the claim in *Occidental Petroleum*.

### C.    Plaintiffs Fail To State A Claim For Unjust Enrichment.

Count Five should be dismissed with respect to Angels for three reasons.  First, this Court has not recognized unjust enrichment as an independent cause of action.  *See Williams v. Apple Inc.*, No. H-19-782, 2019 WL 2057960, at *5 (S.D. Tex. May 9, 2019) (citing *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015); *see also Redwood Resort Props., LLC v. Holmes Co. Ltd.*, No. 3:06-CV-1022-D, 2006 WL 3531422, at *9 (N.D. Tex. Nov. 27, 2006) (rejecting unjust enrichment claim as failing to qualify as an independent cause of action).  Because Plaintiffs have no viable claims against Angels upon which they may base a claim for unjust enrichment, Count Five must be dismissed.

Second, even if the Court were to recognize unjust enrichment as a cause of action or theory of recovery, Plaintiffs' pleading would still need to articulate a factual basis for equitable relief.  *See Allstate Ins.*, 2012 WL 2577546, at *18.  The Court cannot accept as true "unsupported conclusions."  *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).  Here, Plaintiffs allege nothing under Count Five but three sentences, including the unsupported allegation, "Defendants were unjustly enriched at the expense of Plaintiffs by acquiring, retaining, and utilizing their cryptocurrency assets under false pretenses."  Compl. [Dkt. 1] ¶¶78–81.  Such superficial claims "must be dismissed pursuant to Rule 12(b)(6)."  *Allstate Ins.*, 2012 WL 2577546, at *18.

Third, even if the Court were to look beyond Count Five to contrive a stated theory of unjust enrichment liability, Plaintiffs' allegations regarding Angels are inconsistent with "an implied-contract basis for requiring restitution."  *See Perales v. Bank of America, N.A.*, No. H-14-1791, 2014 WL 3907793, at *3 (S.D. Tex. Aug. 11, 2014).  Unjust enrichment requires, among other things, a transaction between parties involving "a transfer to the defendant by the plaintiff."  *Id.*  The crux of Plaintiffs' allegations involving Angels, however, is that the funds it received were

9

(i) only conveyed by one plaintiff and (2) were conveyed at the behest of one of the individual defendants, rather than Angels itself.  *See* Compl. [Dkt. 1] 31.  Advancing a quasi-contract or contract implied-in-law theory makes no sense with respect to Angels here.

### D.    Plaintiffs' Fraud-Based Claims Fail.

Complaint Counts Six, Seven, and Eight plead causes of action for common law fraud, "fraudulent inducement," and "fraudulent concealment," respectively.  These counts are not pleaded with particularity and do not describe actionable fraud by Angels in any event.

Allegations of fraud must be pleaded with specificity to satisfy Rule 9(b).  A claim of fraud must allege "the who, what, when, and where."  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).  Among other requirements, a plaintiff must "specify the particulars of time, place, and contents of the false representations."  *Id.* at 179 (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

The Complaint alleges three misrepresentations or omissions *about* Angels, though it is unclear whether these misrepresentations and omissions were made *by* Angels or someone else:

- "Defendants" represented that payments sent to Angels "were for server hosting at Switch" (Compl. [Dkt. 1] ¶83(d));

- "Defendants" produced Switch-related invoices (*id.* ¶86(c)); and

- "Defendants . . . concealed" that payments sent to Angels between January 30 and May 1, 2025 were "not actually for hosting fees (*id.* ¶89(c)).

These allegations omit key information required by Rule 9(d), including which defendant authored which alleged statement, what information was actually published, who heard the statements, where the statements occurred, and when Plaintiffs discovered the alleged falsity of the statements. Plaintiffs' vagueness is fatal to the fraud-based Counts in the Complaint at this stage of the case.

*See Williams v. WMX Techs.*, 112 F.3d at 179 ("The failure of this section of the complaint to identify specific statements made by any of the defendants is fatal to [plaintiffs'] action."); *see also, e.g.*, *Schouest v. Medtronic*, 92 F. Supp. 3d 606, 611 (S.D. Tex. 2015) (plaintiff failed to sufficiently plead fraud claim where she did not identify the speaker, or when, or where the statements were made).

Count Six is also deficient with respect to other required elements of the cause of action. For example, Plaintiffs plead fraudulent intent, reliance, and causation in the most conclusory way imaginable:

> "Defendants knew these [multiple statements across five subparagraphs] were false when made and intended Plaintiffs to rely on them. Plaintiffs reasonably relied on these misrepresentations in investing millions of dollars."

*See* Compl. [Dkt. 1] ¶84. Such conclusory allegations become inherently implausible. For example, "these misrepresentations" referenced in the passage above purport to have been published at various times between January and May 2025. *See id.* at 89(c). Are we really supposed to believe that Plaintiffs relied on *all* of the statements before "investing millions of dollars?" Courts have dismissed similar claims for similar flaws. *See, e.g.*, *Bank of New York Mellon*, No. CV H-16-3238, 2017 WL 3424975, at *13 (S.D. Tex. Aug. 9, 2017) (dismissing fraud claims with prejudice where plaintiff made only vague and conclusory allegations of fraud and malice, but included no facts and no specifics as to any fraudulent conduct, false representation, or reliance); *U.S. ex rel. Briseno v. Hillcroft Medical Clinic Ass'n*, No. 4:20-cv-02871, 2022 WL 17417178, at *4 (S.D. Tex. Dec. 5, 2022) (recommending dismissal of fraud claims based on "vague, factless conclusions"). The same result is warranted here.

Finally, Count Eight should be dismissed as a matter of law as well as a matter of pleading deficiency. A plaintiff asserting a claim for fraud by nondisclosure in Texas must plausibly allege

that the defendant had a duty to disclose the omitted facts to the plaintiff. *See Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001). Such a duty can arise from (a) a fiduciary or other special relationship, (b) discovery of new information that makes an earlier representation misleading or untrue, (c) a partial disclosure creating a false impression, or (d) voluntary disclosure of some information in a way that requires disclosure of the whole truth. *See In re Marriage of Moncur*, 640 S.W.3d 309, 317–18 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Whether a duty to disclose exists is a question of law for the court. *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 834 F. Supp. 2d 566, 596 (S.D. Tex. 2011), *rev'd in part sub nom. Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421 (5th Cir. 2013). As discussed above with respect to Count Four, however, Plaintiffs have not, and cannot plausibly, plead such a duty exists on the part of Angels vis-à-vis Plaintiffs. Indeed, Texas law presumes no duty exists between the parties to a potential business transaction unless a separate and independent fiduciary duty was already in place. *See Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006). Plaintiffs do not, and indeed cannot, plead that a pre-solitication relationship exists, so Count Eight is doomed on that basis.

### E.  Plaintiffs' Securities and Exchange Act Claim Has Fundamental Structural And Factual Flaws.

Count Nine purports to state a claim under Section 10(b) of the Securities and Exchange Act of 1934, which prohibits manipulation, deception, or contrivance in connection with the "purchase or sale of any security registered on a national securities exchange." 15 U.S.C. §78j(b). "To state a private cause of action under Section 10(b), a plaintiff must allege: (1) a material misrepresentation, (2) scienter, (3) a connection between the misrepresentation or omission and the purchase or sale of a security, (4) reliance on the misrepresentation or omission, (5) economic loss, and (6) loss causation." *Izadjoo v. Helix Energy Solutions Group, Inc.*, 237 F. Supp.3d 492,

506 (S.D. Tex. 2017) (citing *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 641 (5th Cir. 2005)).   A plaintiff must clear two procedural hurdles to adequately plead these elements.   First, the heightened pleading standards in Rule 9(b) apply to Section 10(b) claims with the same force as the fraud-based claims discussed above.   *See Izadjoo*, 347 F. Supp.3d at 506–07 (citing *Benchmark Electronics*, 343 F.3d at 724).   Second, the Private Securities Litigation Reform Act of 1995 ("PSLRA") imposes additional procedural requirements for the purpose of deterring frivolous and meritless securities claims at the outset of litigation.   *See* 15 U.S.C. § 78u-4(b)(2).   "A district court must dismiss a securities-fraud claim failing to satisfy either the PSLRA's pleading requirements or those of Rule 9(b)."   *Trendsetter Investors, LLC v. Hyperdynamics Corp.*, No. H-06-0746, 2007 WL 172627, at *12 (S.D. Tex. Jan. 18, 2007) (citation omitted).   Plaintiffs utterly fail to meet these procedural burdens.   Count Nine should be dismissed for three reasons.

First, the Complaint's allegations of purportedly material misrepresentations are inadequate.   Vague, unspecific, blanket, or catchall allegations will not survive Rule 9(b) and the PSLRA's heightened pleading requirements.   *See* 15 U.S.C. § 78u-4(b)(1); *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 345 (2005).   This stringent pleading requirement is in place, in part, because, without more detail about, *inter alia*, the content and date of alleged representations, a defendant cannot determine, for example, whether the PSLRA's statutory safe harbor for forward-looking statements is in play.   *See* 15 U.S.C. § 77z-2(c)(1); 15 U.S.C. § 78u-5(c)(1); *Southland*, 365 F.3d at 371.   Courts pay even closer attention when, as here, a plaintiff alleges that a defendant omitted material information.   In addition to identifying each statement alleged to have been misleading and the reason or reasons why the statement is misleading, a plaintiff alleging fraud based on an omission in the context of Section 10(b) and the PLSRA must sufficiently allege "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the

reasonable investor as having significantly altered the 'total mix' of information made available." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011). Put another way, a plaintiff must not only plead why a statement is allegedly incomplete, but "why that incompleteness makes the statement misleading or untrue." *R2 Invs.*, 401 F.3d at 642.

Plaintiffs' allegations do not clear these hurdles. Count Nine offers allegations about misrepresentations and omissions in two paragraphs. Plaintiffs vaguely allege that five defendants, including two limited liability companies, "made untrue statements of material fact and omitted to state material facts necessary to make the statements made not misleading." Compl. [Dkt. 1] ¶92. The next paragraph promises to elaborate ("Specifically, . . ."), then lists five categories of purported statements or omissions without dates, who spoke, who heard, or how the statements or actions were made, much less the reason why Plaintiffs allege the statements to be misleading or what impact the allegedly omitted information would have had on a "reasonable investor." *Id.* ¶93. For example, Paragraph 93(e) complains that "Defendants . . . [o]mitted material facts, including . . . the role of Hatzipetros in creating shell entities . . . ." But Plaintiffs do not explain why a reasonable investor would care at all about "the role of Hatzipetros in creating shell entities." When an investor executed a written agreement with the understanding that a disclosed entity like Angels would utilize a portion of the investment for development expenses and overhead, what difference did Hatzipetros's "role" make? The imprecise allegations in the Complaint provide no answer. This Court has dismissed claims where the pleaded facts are "too conclusory and speculative" in this context. *See, e.g.*, *Stephens v. Uranium Energy Corp.*, No. H-15-1862, 2016 WL 3855860, at *21 (S.D. Tex. July 15, 2016). The same outcome is warranted here.

Second, Plaintiffs' scienter allegations are almost insultingly inadequate. The PSLRA requires a complaint to allege, with particularity, facts that give rise to a strong inference that a

defendant acted with the required state of mind. *See* 15 U.S.C. § 78u-4(b)(2); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007). Group pleading is not permitted to establish scienter under the PSLRA. *Southland*, 365 F.3d at 365. A complaint is insufficient if it alleges that "defendants" as a group knowingly or recklessly made material misrepresentations. *See Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 533 (5th Cir. 2008). Rather, this jurisdiction requires Plaintiffs to "distinguish among the defendants and allege each one's role, intent, and knowledge." *Dawes v. Imperial Sugar Co.*, 975 F. Supp.2d 666, 690–91 (S.D. Tex. 2013).

Paragraph 93(f) contains Plaintiffs' entire scienter allegations to support Count Nine in one sentence: "Defendants acted with scienter, in that they knew or recklessly disregarded that their statements were materially false and misleading." This conclusory allegation fails to provide *any* of the particularity required under Rule 9(b) and the PSLRA. This Court has rejected more than one complaint that alleged that advanced thin to nonexistent scienter allegations. *See, e.g.*, *Izadjoo*, 237 F. Supp.3d at 514; *see also, e.g.*, *Dawes*, 975 F. Supp.2d at 692; *Schott v. Nobilis Health Corp.*, 211 F. Supp.3d 936, 956–57 (S.D. Tex. 2016). Paragraph 93(f) should join that list.

Third, Plaintiffs' one-sentence allegation to plead loss causation is inadequate. Under the PSLRA, the plaintiff bears the burden of proving that the conduct of each defendant "caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4); *Dura*, 544 U.S. at 346. The Fifth Circuit requires Plaintiffs to allege either (1) a "facially plausible causal relationship between the fraudulent statements or omissions and plaintiff's economic loss" or (2) "enough facts to give rise to a reasonable hope or expectation that discovery will reveal evidence of the . . . elements of loss causation." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). Once again, the Complaint bears no resemblance to this standard.

Plaintiffs' entire loss causation allegation in Count Nine reads, "As a direct and proximate result, Plaintiffs suffered extensive economic damages in addition to lost appreciation." Compl. [Dkt. 1] ¶94. This sentence suffers from group pleading, bald generality, and zero facts of a plausible causal connection between the matters in the preceding paragraphs and unspecified damages. Count Nine should be dismissed for any one of these reasons.

### F.    Plaintiffs' Texas Securities Act Claim Should Be Dismissed.

Plaintiffs allege in Count Ten various general violations of the Texas Securities Act. Although Plaintiffs cite Texas Revised Civil Statutes article 581-33, the Texas Securities Act is actually codified in Texas Government Code section 4008.051. This claim should be dismissed as both a matter of procedure and because the Act does not apply to Angels as a matter of law.

First, the Fifth Circuit has held that Texas Securities Act ("TSA") claims brought in federal court must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Williams v. WMX Techs.*, 112 F.3d at 177 ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules."); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008) ("Both federal securities claims and state-law fraud claims are subject to the pleading requirements of Rule 9(b)".). The Complaint falls short of this standard with respect to Angels in at least two respects.

One, Plaintiffs' TSA allegations are not sufficiently specific. A plaintiff alleging a TSA violation must specifically plead the "who, what, when, where, and how" of any allegedly material misstatements and omissions. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002); *Dorsey*, 540 F.3d at 339. The Fifth Circuit interprets Rule 9(b) strictly, requiring plaintiffs to "specify statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Here, however,

16

Plaintiffs only plead generally that "Defendants misrepresented" a short list of alleged "material facts." Compl. [Dkt. 1] ¶99. This single paragraph does not identify "who" made the alleged misrepresentations, "when" these alleged misrepresentations were made, "where" they were made, "to whom" they were made, and "how" they were made. *Id.* The vague list does not meet the strict pleading requirements of Rule 9(b).

Two, Plaintiffs' TSA allegations also suffer from inappropriate group pleading. There are ten plaintiffs and six defendants listed in Plaintiffs' Complaint. *See* Compl. [Dkt. 1] at 3–5. Yet, Plaintiffs fail to provide any clarity regarding which of the "Defendants" made alleged misrepresentations to which plaintiff, including when they were made, where they were made, how they were made, and why they are misleading. *See id.* ¶99. As the Fifth Circuit has held, "allegations contained in the Complaint against the 'defendants' as a group [are not] properly imputable to any particular defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded." *Southland*, 365 F.3d at 365. Courts have dismissed Texas Securities Act claims under Rule 12(b)(6) for such pleading defects. *See, e.g.*, *In re Cogent Energy Services, LLC*, No. 23-33659, 2024 WL 3770041, at *6–7 (S.D. Tex. Aug. 12, 2024). Count Ten should be dismissed for the same reason.

Second, even if the Complaint sufficiently pleaded a theory of liability against Angels under the TSA, the Act cannot reach it. This Court has held that a plaintiff/purchaser of purported securities regulated by the TSA can only pursue primary liability under the statute against his or her immediate "seller," *i.e.,* "the person and/or his agent who successfully passes title who actively solicited the purchase." *In re Enron Corp. Securities, Derivative & ERISA Lit'n*, No. MDL-1446, 2004 WL 764664, at *7 (S.D. Tex. Mar. 31, 2004). The Court's rationale was based on the text of the TSA and construction of analogous federal law by the U.S. Supreme Court in *Pinter v. Dahl*,

17

486 U.S. 622 (1988).  The TSA also provides for secondary liability for "aiders" of a plaintiff's seller, but only with additional scienter proof.  TEX. GOV'T CODE § 4008.055(c) (requiring "intent to deceive or defraud" or "reckless intent").

The Complaint makes clear that no such privity exists between Plaintiffs and Angels.  Only one plaintiff sent funds and digital assets to Angels, and that was for a discrete purpose.  Moreover, the Complaint alleges that the transfers were done at the behest of one or more individual defendants, rather than Angels itself.  Despite a superficial attempt to cast Angels as one of several "'sellers' and 'aiders' under the Act," Plaintiffs' list of Defendants' alleged roles distinguishes individuals who purportedly "directly solicited investments" and Angels, who merely passively "received and laundered funds." *Id.* ¶100.  But the Complaint does not allege scienter by Angels in Count Ten sufficient to state a claim under TSA Section 4008.055(c)—nor could it given the limited allegation of "knowledge" throughout Plaintiffs' pleading.  Plaintiffs do not even allege that Angels "knowingly received assets," much less that Angels had an "intent to deceive," intent to "defraud," or "reckless intent."  Count Ten should therefore be dismissed as a matter of form and incurable law.

### G.    Plaintiffs' Fraud Conspiracy Claim Should Be Dismissed.

Finally, although Plaintiffs expressly list Angels as a defendant purportedly liable for "Civil Conspiracy to Commit Fraud" and allege that disbursement of assets to it furthered the alleged conspiracy, Compl. [Dkt. 1] ¶¶104, 105(c), Count Eleven should be dismissed with respect to Angels for two reasons.  First, Plaintiffs' conspiracy cause of action is "derivative" of their fraud claims.  *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).  Because they have failed to state a claim for fraud, Plaintiffs have failed to state a claim for conspiracy to commit fraud.

Second, the pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud with the same force as a claim of fraud. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009). Here, neither the fraud claim nor the conspiracy claim is pleaded adequately under Rule 9(b). Count Eleven is pleaded in three short numbered paragraphs over one-half page. *See* Compl. [Dkt. 1] at 28. Paragraph 105 includes five summary "overt acts" subparagraphs, but the Count still fails to (a) allege, much less identify with specificity, any representations by Angels or (b) allege any knowledge by Angels of falsity or deception. This Court has dismissed fraud conspiracy claims under similar circumstances. *See, e.g.*, *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, No. CIV.A. H-06-1492, 2007 WL 400094, at *5 (S.D. Tex. Feb. 1, 2007).

## <u>CONCLUSION</u>

For the foregoing reasons, defendant Angels Coding, LLC respectfully requests the Court to dismiss Plaintiffs' claims against her for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. The company reserves all rights to compel arbitration of Plaintiffs' claims for adjudication on the merits in the alternative, but the law requires Plaintiffs to plead their claims in the right court and in compliance with applicable law as a threshold matter.

Respectfully submitted,

DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP

/s/ Jeremy T. Monthy
Jeremy T. Monthy, *Attorney-in-Charge*
State Bar No. 24073240
Federal I.D. No. 1115582
Derek S. Hollingsworth
State Bar No. 24002305
Federal I.D. No. 34569
712 Main Street, Suite 1705
Houston, Texas  77002
Telephone:  (713) 751-2300
Facsimile:  (713) 751-2310
Emails:  jmonthy@dhmlaw.com
        dhollingsworth@dhmlaw.com

**COGDELL LAW FIRM, PLLC**
Dan Cogdell
Texas Bar # 04501500
Cogdell Law Firm
712 Main St., Suite 2400
Houston, TX 77002
Telephone: 713 426 2244
Email: dan@cogdell-law.com

**ATTORNEYS FOR DEFENDANTS, MIKE BOGGS, PETER D. HATZIPETROS, ANGELS CODING, LLC, AND DAWN BOGGS**

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties, including:

Kyle A. Coker
Kaitlyn M. Coker
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
*Attorneys for Plaintiffs*

*/s/ Jeremy T. Monthy*
Jeremy T. Monthy

21