UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CORBIN COWAN, DAWN COWAN, | § | |
| STRATEGIC EQUITY PARTNERS, LLC, | § | |
| TRIUMPH TECHNOLOGIES, LLC, | § | |
| CAB VENTURES, LLC, JEREMY ENGEL, | § | |
| SPARTAN MARKETING & INVESTMENTS, | § | |
| LLC, INTELLITECH SOLUTIONS, LLC, | § | |
| SOLIDA EQUITY PARTNERS, LLC, AND | § | |
| JOSH KIRK, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-04476 |
| | § | |
| JAMES TYLER BOYD, | § | |
| MIKE BOGGS, PETER D. HATZIPETROS, | § | |
| THE EDEN ALLIANCE, LLC, | § | |
| ANGELS CODING, LLC, AND | § | |
| DAWN BOGGS, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT DAWN BOGGS'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND
<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

Subject to and without waiving any argument that the claims against her must be arbitrated,

defendant Dawn Boggs moves this Court to dismiss the claims of plaintiffs Corbin Cowan, Dawn

Cowan, Strategic Equity Partners, LLC, Triumph Technologies, LLC, Cab Ventures, LLC, Jeremy

Engel, Spartan Marketing & Investments, LLC, Intellitech Solutions, LLC, Solida Equity Partners,

LLC, and Josh Kirk (collectively, "Plaintiffs") against her for lack of personal jurisdiction and

failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil

Procedure 12(b)(2) and 12(b)(6).

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................ii

TABLE OF CITATIONS ..............................................................................................iii

SUMMARY ...................................................................................................................1

NATURE AND STAGE OF PROCEEDING ..................................................................2

STATEMENT OF ISSUES ............................................................................................2

FACTUAL BACKGROUND..........................................................................................3

     A.    Mrs. Boggs And Her Bank Accounts Are Foreign To This Jurisdiction................ 3

     B.    Plaintiffs' Allegations Regarding Mrs. Boggs In The Complaint Are
Limited.......................................................................................................... 3

     C.    Mrs. Boggs Is Ill. ........................................................................................... 5

ARGUMENT ................................................................................................................5

I.    Plaintiffs' Claims Should Be Dismissed For Lack Of Personal Jurisdiction.....................5

     A.    The Court Lacks General Jurisdiction Over Mrs. Boggs........................................ 6

     B.    The Court Lacks Specific Jurisdiction Over Mrs. Boggs. .................................... 7

     C.    Exercising Personal Jurisdiction Here Would Offend Fair Play And
Substantial Justice........................................................................................... 8

II.    Plaintiffs Have Failed To Adequately Plead Plausible Claims Against Mrs. Boggs..........9

     A.    Plaintiffs' Conversion Claim Should Be Dismissed. ............................................. 9

     B.    Plaintiffs Have Not Pleaded A Basis To Sue Mrs. Boggs For Breach Of
Fiduciary Duty. ............................................................................................ 11

     C.    Plaintiffs Fail To State A Claim For Unjust Enrichment...................................... 13

     D.    Plaintiffs' Fraud-Based Claims Fail................................................................. 14

     E.    Plaintiffs' Texas Securities Act Claim Should Be Dismissed. ............................ 17

     F.    Plaintiffs' Fraud Conspiracy Claim Should Be Dismissed................................... 19

CONCLUSION............................................................................................................ 20

# TABLE OF CITATIONS

**Cases**

*ABC Arbitrage Plaintiffs Group v. Tchuruk,*
  291 F.3d 336 (5th Cir. 2002) ................................................................17

*Allstate Ins. Co. v. Donovan,*
  No. H-12-0432, 2012 WL 2577546 (S.D. Tex. July 30, 2012) ................13

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...............................................................................3

*Bank of New York Mellon,*
  No. CV H-16-3238, 2017 WL 3424975 (S.D. Tex. Aug. 9, 2017) ............15

*Barrow-Shaver Rs. v. Carrizo Oil & Gas, Inc.,*
  590 S.W.3d 471 (Tex. 2019) ..................................................................15

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...........................................................................3, 19

*Benchmark Elec., Inc. v. J.M. Huber Corp.,*
  343 F.3d 719 (5th Cir. 2003) ..................................................................3

*Bradford v. Vento,*
  48 S.W.3d 749 (Tex. 2001) ....................................................................16

*Calder v. Jones,*
  465 U.S. 783 (1984) ................................................................................6

*CAP Barbell, Inc. v. HulkFit Prods., Inc.,*
  No. CV H-22-2371, 2023 WL 5017982, (S.D. Tex. Aug. 7, 2023),
  *reconsideration denied,* 2024 WL 1023035 (S.D. Tex. Mar. 8, 2024) ........6

*Clemons v. WPRJ, LLC,*
  928 F. Supp.2d 885 (S.D. Tex. 2013) ......................................................2

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014) .............................................................................6, 7

*Dorsey v. Portfolio Equities, Inc.,*
  540 F.3d 333 (5th Cir. 2008) ..................................................................17

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,*
  960 S.W.3d 41 (Tex. 1998) ....................................................................16

*Frank v. PNK (Lake Charles) L.L.C.,*
  947 F.3d 331 (5th Cir. 2020) ..................................................................6

*Gilbreath v. Horan*,
No. 01-17-00316-CV, 2023 WL 3011614 (Tex. App.—Houston [1st Dist.]
Apr. 20, 2023, pet. denied) ........................................................................................ 11

*Green Int'l v. Solis*,
951 S.W.2d 384 (Tex. 1997) ....................................................................................... 10

*Harris Cty. v. MERSCORP Inc.*,
791 F.3d 545 (5th Cir. 2015) ...................................................................................... 13

*Hart v. Bayer Corp.*,
199 F.3d 239, 247 (5th Cir. 2000) .............................................................................. 14

*Hermann Holdings Ltd. v. Lucent Technologies Inc.*,
302 F.3d 552 (5th Cir. 2002) ...................................................................................... 17

*Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*,
377 F. App'x 422 (5th Cir. 2010) (per curiam) ......................................................... 19

*In re Cogent Energy Services, LLC*,
No. 23-33659, 2024 WL 3770041 (S.D. Tex. Aug. 12, 2024) ................................... 18

*In re Enron Corp. Securities, Derivative & ERISA Lit'n*,
No. MDL-1446, 2004 WL 764664 (S.D. Tex. Mar. 31, 2004) ................................... 18

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
834 F. Supp.2d 566 (S.D. Tex. 2011) ........................................................................ 16

*In re Heartland Payment Sys., Inc. v. Customer Data Sec. Breach Lit'n*,
No. H-10-171, 2011 WL 1232352 (S.D. Tex. Mar. 31, 2011) ................................... 12

*In re Marriage of Moncur*,
640 S.W.3d 309 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ........................... 16

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
920 F.3d 890 (5th Cir. 2019) ........................................................................................ 3

*International Bus. Machs. Corp. v. Lufkin Indus.*,
573 S.W.3d 224 (Tex. 2019) ...................................................................................... 15

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945) ...................................................................................................... 8

*ITL Int'l v. Constenla, S.A.*,
669 F.3d 493 (5th Cir. 2012) ........................................................................................ 7

*Johnson & Johnson Med., Inc. v. Sanchez*,
924 S.W.2d 925 (Tex. 1996) ...................................................................................... 15

*Johnston v. Multidata Sys. Int'l Corp.*,
 523 F.3d 602 (5th Cir. 2008) ...................................................................5, 6

*Liang v. Peng*,
 No. 4:24-cv-2657, 2025 WL 3050177 (S.D. Tex. Sept. 26, 2025) ...........................10

*Lincoln v. Turner*,
 874 F.3d 833 (5th Cir. 2017) ......................................................................3

*Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*,
 729 F.3d 421 (5th Cir. 2013) ....................................................................16

*Martinez Tapia v. Chase Manhattan Bank*,
 149 F.3d 404 (5th Cir. 1998) ....................................................................11

*Mary E. Bivins Found. v. Highland Capital Mgmt.*,
 451 S.W.3d 104 (Tex. App.—Dallas 2014, no pet.) ......................................11, 12

*Meyer v. Cathey*,
 167 S.W.3d 327 (Tex. 2005) .....................................................................11

*Mitchell Energy Corp. v. Samson Resources Co.*,
 80 F.3d 976 (5th Cir. 1996) .....................................................................10

*Monkton Ins. Servs. Ltd. v. Ritter*,
 768 F.3d 429 (5th Cir. 2014) ...................................................................5, 7

*Nuovo Pignone, SpA v. Storman Asia M/V*,
 310 F.3d 374 (5th Cir. 2002) ......................................................................2

*Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*,
 573 F. Supp.3d 1161 (S.D. Tex. 2021) ..........................................................12

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
 253 F.3d 865 (5th Cir. 2001) ......................................................................6

*Perales v. Bank of America, N.A.*,
 No. H-14-1791, 2014 WL 3907793 (S.D. Tex. Aug. 11, 2014)...............................13

*Pinter v. Dahl*,
 486 U.S. 622 (1988).................................................................................18

*Quick Technologies, Inc. v. Sage Group PLC*,
 313 F.3d 338 (5th Cir. 2002)........................................................................7

*Redwood Resort Props., LLC v. Holmes Co. Ltd.*,
 No. 3:06-CV-1022-D, 2006 WL 3531422 (N.D. Tex. Nov. 27, 2006) ......................13

*Rente Co. v. Truckers Express, Inc.*,
   116 S.W.3d 326 (Tex. App.—Houston [14th Dist.] 2003, no pet.)..........................................10

*Sangha v. Navig8 Shipmanagement Private Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ...................................................................................5, 6, 7, 8, 9

*Schouest v. Medtronic*,
   92 F. Supp.3d 606 (S.D. Tex. 2015) .......................................................................................15

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006) ...................................................................................................8

*Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*,
   365 F.3d 353 (5th Cir. 2004) ..........................................................................................13, 19

*Tilton v. Marshall*,
   925 S.W.2d 672 (Tex. 1996) ...................................................................................................19

*U.S. ex rel. Briseno v. Hillcroft Medical Clinic Ass'n*,
   No. 4:20-cv-02871, 2022 WL 17417178 (S.D. Tex. Dec. 5, 2022) ..........................................15

*U.S. ex rel. Grubbs v. Kanneganti*,
   565 F.3d 180 (5th Cir. 2009) ...................................................................................................19

*Walden v Fiore*,
   571 U.S. 277 (2014) ..........................................................................................................2, 6, 7

*Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*,
   No. CIV.A. H-06-1492, 2007 WL 400094 (S.D. Tex. Feb. 1, 2007) .........................................20

*Williams v. Apple Inc.*,
   No. H-19-782, 2019 WL 2057960 (S.D. Tex. May 9, 2019) ....................................................13

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) .............................................................................................14, 17

*Wilson v. Belin*,
   20 F.3d 644 (5th Cir. 1994) .......................................................................................................6

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)...................................................................................................................8

**Statutes**

15 U.S.C. § 78j(b)...........................................................................................................................4

18 U.S.C. § 1962(c) ........................................................................................................................4

18 U.S.C. § 1962(d) ................................................................................................4

TEX. GOV'T CODE § 4008.051 .........................................................................2, 17, 18, 19

TEX. GOV'T CODE § 4008.055(c) ...................................................................18, 19

TEX. REV. CIV. STAT. ART. 581-33 ...............................................................17

**Rules**

FED. R. CIV. P. 9(b) .........................................................................................3, 17, 19

FED. R. CIV. P. 12(a) .......................................................................................2

FED. R. CIV. P. 12(b)(2) ................................................................................. i, 6

FED. R. CIV. P. 12(b)(6) ................................................................................. *passim*

FED. R. EVID. 201 ...........................................................................................3

## SUMMARY

This case involves an unsuccessful technology innovation to profit from incremental discrepancies across over 50 decentralized cryptocurrency exchanges, markets, and platforms. According to the Complaint, defendant James Boyd "singlehandedly" corrupted the back end of this technological process to perpetrate an alleged "Ponzi scheme." Compl. [Dkt. 1] ¶¶48, 59. Even taking the allegations in the Complaint as true, defendant Dawn Boggs was not directly involved in Boyd's conduct. Mentioned in only 2 of the 53 paragraphs of pre-claim factual allegations in the Complaint, Plaintiffs merely allege that (i) Mrs. Boggs is the spouse of defendant Mike Boggs and (ii) bank accounts in Mrs. Boggs's name were the "beneficiary" of a "portion" of Plaintiff funds and digital assets diverted by Boyd. *See id.* ¶¶16, 52. In accord, Plaintiffs have only named Mrs. Boggs as a defendant in three of eleven causes of action (Counts Three, Ten, and Eleven), and she is presumably included as one of the unspecified "Defendants" sued for five of the remaining causes of action (Counts Four, Five, Six, Seven, and Eight). In short, Plaintiffs have brought a federal question action asserting a limited number of Texas state-law claims against a Pennsylvania resident for passively receiving funds in Pennsylvania.

Plaintiffs' claims against Mrs. Boggs have threshold flaws. First, Plaintiffs have filed suit in the wrong court. The Complaint alleges no link at all between Texas and Mrs. Boggs or her alleged accounts, much less that Mrs. Boggs is "essentially at home" in this District or that Mrs. Boggs purposefully directed any wrongful acts in Texas. Second, Plaintiffs fail to sufficiently state a basis to proceed on any of their eight state-law claims against Mrs. Boggs, as her passive receipt of the alleged proceeds of an improper scheme perpetrated by others does not expose Mrs. Boggs to liability as a matter of law.

Plaintiffs' inclusion of Mrs. Boggs in this lawsuit is also inequitable. As Plaintiffs are aware, Mrs. Boggs has been stricken with acute medical and mental illness and is confined to care

1

in Pennsylvania.  The threadbare grounds for adding a spouse with competency issues as a party to this suit raise a reasonable question as to whether Mrs. Boggs was sued here for an improper purpose.

## NATURE AND STAGE OF PROCEEDING

Plaintiffs filed this lawsuit on September 19, 2025.  *See* Dkt. 1.  A summons was issued for Mrs. Boggs on October 1, 2025, *see* Dkt. 6, and she was served with process on October 20, 2025.  Counsel reached an agreement for Mrs. Boggs to serve an initial responsive pleading by December 4, 2025.  This Motion is Mrs. Bogg's first appearance.  Mrs. Boggs seeks to have this case dismissed for lack of personal jurisdiction and failure to state a claim upon which relief can be granted within the timeline set forth in Federal Rule of Civil Procedure 12(a) and the parties' agreement.  Mrs. Boggs also intends to file a motion to compel arbitration as a form of alternative preliminary relief, and she reserves all related rights.

## STATEMENT OF ISSUES

1. Whether this case should be dismissed for lack of personal jurisdiction over Mrs. Boggs.

    **Standard of review**:  Whether personal jurisdiction lies over a nonresident is a question of law.  *See Clemons v. WPRJ, LLC*, 928 F. Supp.2d 885, 892 (S.D. Tex. 2013).  To establish personal jurisdiction against a nonresident defendant with no contacts to the forum, as is the case here, Plaintiffs must meet three requirements: (1) the defendant must either "purposely direct[] its activities toward the forum state or purposefully avail[] itself of the privileges of conducting activities there;" (2) the cause of action must "arise[] out of or result[] from the defendant's forum-related contacts;" and (3)  the exercise of personal jurisdiction must be "fair and reasonable."  *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002).   "The defendant's *suit-related conduct* must create a *substantial* connection with the forum State."  *Walden v Fiore*, 571 U.S. 277, 284 (2014) (emphasis added).

2. Whether Plaintiffs have stated plausible claims against Mrs. Boggs for conversion (Count Three), breach of fiduciary duty (Count Four), unjust enrichment (Count Five), fraud (Count Six), fraudulent inducement (Count Seven), fraudulent concealment (Count Eight), violation of the Texas Securities Act (Count Ten), or fraud conspiracy (Count Eleven).

    **Standard of review:**  To "state a claim upon which relief can be granted" under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The facts alleged in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In a case alleging fraud like this one, Rule 9(b) requires, "[a]t a minimum, . . . allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## FACTUAL BACKGROUND

### A.    Mrs. Boggs And Her Bank Accounts Are Foreign To This Jurisdiction.

Defendant Dawn Boggs is an individual resident of Pennsylvania. Compl. [Dkt. 1] ¶16. Plaintiffs concede as much by listing Mrs. Boggs' address in the Complaint. *See id.* She maintains a single bank account at Somerset Trust Bank, which is located in Bedford, Pennsylvania. *See* Declaration of Dawn E. Boggs, attached hereto as Exhibit 1 ¶2. She has never traveled to Texas in at least ten years, much less operated a business in Texas. *Id.* ¶3. Mrs. Boggs has had no known contact with Harris County, Texas, other than this lawsuit. *Id.* ¶4.

### B.    Plaintiffs' Allegations Regarding Mrs. Boggs In The Complaint Are Limited.

Plaintiffs' allegations of affirmative, improper acts by Mrs. Boggs are notably sparse. The Complaint contains no allegation that Mrs. Boggs engaged in direct conduct against Plaintiffs to their detriment—not one. Instead, Plaintiffs' grievances with Mrs. Boggs involve the following indirect allegations:

3

- Mrs. Boggs allegedly "received and retained" a "portion" of "investor funds" allegedly misappropriated through the "fraudulent enterprise" allegedly operated by defendants other than Mrs. Boggs (Compl. [Dkt. 1] ¶¶16, 52, 56);

- Mrs. Boggs allegedly "accepted" these investor funds "knowingly" (*Id.* ¶¶52, 108(d)); and

- Mrs. Boggs allegedly "participated in concealing assets traceable to the scheme" operated by defendants other than Mrs. Boggs (*Id.* ¶52).

The Complaint alleges that Mrs. Boggs's account passively received the funds at issue between "Winter 2024–Spring 2025." *Id.* ¶67(f). Plaintiffs' allegations about Mrs. Boggs's state of mind are all pleaded "on information and belief." *See id.* ¶¶16, 52.

Plaintiffs have not sued Mrs. Boggs for every cause of action in the Complaint. Mrs. Boggs is not an alleged member of the purported "association-in-fact enterprise" in Count One (Civil RICO), *see id.* ¶¶55–56, an alleged member of the purported RICO conspiracy in Count Two, *see id.* ¶66, or an alleged violator of the Securities Exchange Act in Count Nine, *see id.* ¶92. Likewise, while some of the remaining causes of action are vaguely pleaded against "Defendants," neither Mrs. Boggs nor her alleged receipt of investor funds are mentioned as delineated predicate acts in Count Three (conversion), Count Four (breach of fiduciary duty), Count Five (unjust enrichment), Count Six (fraud), Count Seven (fraudulent inducement), or Count Eight (fraudulent concealment).

Plaintiffs' tether to this venue does not involve Mrs. Boggs. The Complaint alleges that plaintiff Josh Kirk, a resident of Montgomery County, Texas, "received representations" while located in Texas, *see* Compl. [Dkt. 1] ¶20, but Mrs. Boggs is not alleged to have made any representations to any plaintiff. The Complaint also alleges that plaintiff Kirk "wired funds from Texas" to accounts and systems involved in the purported scheme, *see* Compl. [Dkt. 1] ¶20, but the crux of the allegations regarding Mrs. Boggs is that she received funds several steps later in a "layering and laundering process" designed to distance the original wire from the accounts for concealment purposes. *See, e.g.*, *id.* ¶42, 99(e), 108(d). There are no allegations in the Complaint

4

that plaintiff Kirk, plaintiff Engle, or Solida Equity Partners, LLC—the only potential Texas residents who are parties to this suit—sent funds to Mrs. Boggs's bank account in Pennsylvania.

### C.    Mrs. Boggs Is Ill.

On February 27, 2025, Mrs. Boggs suffered from a massive, "widowmaker" heart attack. *See* Exh. 1 ¶6.  Mrs. Boggs still has physical issues from the event over nine months later, including fractured ribs and sternum from CPR, sidewall clots in her heart, and an aggressive medication regimen.  *See id.*  Mrs. Boggs also has ongoing mental and emotional damage from the event.  On May 8, 2025, Mrs. Boggs begin experiencing psychotic events and post-traumatic stress disorder, and is incapable of conducting normal daily routines without assistance and additional medications.  *See id.* ¶7.  Plaintiffs were repeatedly advised of these unfortunate conditions during the "forensic analysis" and "communications" referenced in the Complaint with Mrs. Boggs's husband, defendant Mike Boggs (aka, "Boyd's associate").  *See id*. ¶9; Compl. [Dkt. 1] ¶¶50–51. Unfortunately, Mrs. Boggs's status and outcomes were further complicated in August 2025, when, shortly before this lawsuit was filed, a growing mass was detected on Mrs. Boggs's adrenal gland under oncologist care and supervision.  *See* Exh. 1 ¶8.  Plaintiffs were also aware of this development before naming Mrs. Boggs as a party to this suit.  *See id.* ¶9

## ARGUMENT

### I.    Plaintiffs' Claims Should Be Dismissed For Lack Of Personal Jurisdiction.

The plaintiff bears the burden of establishing a district court's personal jurisdiction over a nonresident defendant.  *See Monkton Ins. Servs. Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). A plaintiff must first establish a *prima facie* case of personal jurisdiction through factual allegations in the Complaint.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Conclusory allegations of contacts with a forum, even if uncontroverted, cannot establish a *prima facie* case of personal jurisdiction.  *Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96,

102 (5th Cir. 2018); *see also Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("[The] prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted.").

To establish personal jurisdiction over a nonresident defendant, federal due process requires a plaintiff to prove: "(1) that the non-resident purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state, and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston*, 523 F.3d at 609 (quoting *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).  A defendant's minimum contacts with the forum state are analyzed under either general jurisdiction or specific jurisdiction.  *See Walden*, 571 U.S. at 286 n.6; *Sangha*, 882 F.3d at 101.  In this case, Mrs. Boggs does not have the minimum contacts necessary for either general jurisdiction or specific jurisdiction.

Personal jurisdiction is a party-specific inquiry, rather than a case-wide or claim-specific inquiry.  *See Calder v. Jones*, 465 U.S. 783, 790 (1984).  In other words, a determination or assumption that this Court has personal jurisdiction over some of the defendants in this case has no bearing on Mrs. Boggs.  This Court has dismissed some, but not all, defendants from a pending lawsuit under Rule 12(b)(2) for lack of personal jurisdiction.  *See CAP Barbell, Inc. v. HulkFit Prods., Inc.*, No. CV H-22-2371, 2023 WL 5017982, at *1, 6 (S.D. Tex. Aug. 7, 2023), *reconsideration denied*, 2024 WL 1023035 (S.D. Tex. Mar. 8, 2024).

### A.    The Court Lacks General Jurisdiction Over Mrs. Boggs.

To support an exercise of general, or all-purpose, jurisdiction, a non-resident defendant must have sufficient "continuous and systematic contacts" with the forum state.  *See Sangha*, 882 F.3d at 101.  "Continuous and systematic" contacts are so substantial "as to render [the foreign defendant] essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 122

(2014) (quotation omitted); *see also Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020).  "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."  *Daimler*, 571 U.S. at 137 (emphasis added).  Moreover, "vague and overgeneralized assertions of contacts that give no indication as to the extent, duration, or frequency of [defendant's] contacts" are insufficient to support general jurisdiction.  *Sangha*, 882 F.3d at 102.

Mrs. Boggs is not "at home" in Texas under settled law.  Mrs. Boggs is a resident of Pennsylvania who has never been physically present in Texas.  Moreover, the Complaint does not, and indeed cannot, allege that Mrs. Boggs:

- Maintains a regular or established place of business in Texas;
- Maintains a registered agent for service of process in Texas;
- Owns, leases, or otherwise uses any facilities or equipment in Texas;
- Maintains a Texas address, telephone number, or bank account (cf. Exh. 1 ¶2);
- Has any real property in Texas; or
- Has a Texas permit or license.

The Court should have no difficulty finding that Plaintiffs have not met the "incredibly difficult" burden to establish general jurisdiction here.

### B.    The Court Lacks Specific Jurisdiction Over Mrs. Boggs.

In contrast to general jurisdiction, specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation."  *Monkton Ins. Services, Ltd.,* 768 F.3d at 432–33 (citing *Walden*, 571 U.S. at 291).  Specific jurisdiction exists when the alleged injuries arise from or are *directly related* to the nonresident defendant's *purposeful* contacts with the forum state.  *See ITL Int'l v. Constenla, S.A.*, 669 F.3d 493, 500 (5th Cir. 2012); *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002).  A plaintiff's own pleaded contacts with a forum

cannot be used to demonstrate contacts by a defendant.  *See Sangha*, 882 F.3d at 103.  Moreover, specific jurisdiction is a "claim-specific inquiry," requiring the plaintiff to establish specific jurisdiction for each claim asserted.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

In this case, Plaintiffs' pleading fails to support a finding that Plaintiffs' alleged injuries arose from or were directly related to any purposeful conduct of Mrs. Boggs directed at Texas.  To the contrary, Plaintiffs allege that (a) they negotiated or entered into investment arrangements with Boyd or defendants other than Mrs. Boggs in Nevada or California (*see* Compl. [Dkt. 1] ¶¶23, 43); (b) they sent funds to online "wallets" or a data center in Nevada (*see id.* ¶31); (c) Boyd converted Plaintiffs' funds through several international, "non-custodial" exchanges (*see id.* ¶¶32–33); *then* (d) a "portion" of the funds "diverted" through channels outside of Plaintiffs' control were allegedly deposited into Mrs. Bogg's account (*id.* ¶52).  Indeed, the crux of the allegations against Mrs. Boggs is that the funds she received were not "traceable" to plaintiffs located in Texas or elsewhere.  *See id.* ¶52.  In short, the Complaint disproves Plaintiffs' burden to establish specific personal jurisdiction over Mrs. Boggs, rather than the opposite.

## C.    Exercising Personal Jurisdiction Here Would Offend Fair Play And Substantial Justice.

In addition to the requirements above, for a court to exercise personal jurisdiction over a nonresident defendant, "the defendant's contacts with the forum state must be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).  To determine whether the exercise of jurisdiction is fair and reasonable, courts balance:

> (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case,

8

(3) the Plaintiffs' interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies.

*Sangha*, 882 F.3d at 102.

In this case, an evaluation of the *Sangha* factors disfavors a Texas court's exercise of personal jurisdiction over Mrs. Boggs. First, forcing Mrs. Boggs to defend herself in a state to which she has never been in at least ten years would place a significant burden on her, particularly in her current condition. Second, Texas has little interest in resolving the claims against Mrs. Boggs, as she has no ties to Texas and the Texan plaintiffs have not adequately pleaded that Mrs. Boggs had any dealings with them. Third, while trying all defendants in one place may very well efficiently resolve the various controversies alleged in the Complaint, such considerations are outweighed by the other factors. Notions of fair play and substantial justice support dismissal of Mrs. Boggs from this case for lack of personal jurisdiction.

## II.    Plaintiffs Have Failed To Adequately Plead Plausible Claims Against Mrs. Boggs.

Plaintiffs appear to sue Mrs. Boggs for eight of the eleven causes of action in the Complaint: conversion (Count Three), breach of fiduciary duty (Count Four), unjust enrichment (Count Five), fraud (Count Six), fraudulent inducement (Count Seven), fraudulent concealment (Count Eight), violation of the Texas Securities Act (Count Ten), and fraud conspiracy (Count Eleven). If this Court exercises personal jurisdiction over Mrs. Boggs, the Court should nonetheless dismiss all of these claims under Rule 12(b)(6).

### A.    Plaintiffs' Conversion Claim Should Be Dismissed.

In order to proceed on Count Three for conversion, the Complaint must plausibly allege four elements: (1) Plaintiffs owned, possessed, or had the right to immediate possession of property; (2) the property was personal property; (3) Mrs. Boggs wrongfully exercised dominion

9

or control over the property; and (4) Plaintiffs suffered injury. *See Green Int'l v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). Count Three should be dismissed with respect to Mrs. Boggs because Plaintiffs' pleaded allegations are incompatible with the second element.

The only property at issue in the Complaint is virtual money; specifically, "cryptocurrency and other digital assets" initially generated by Plaintiffs. Compl. [Dkt. 1] ¶71. Under Texas law, however, money can only be converted if it can be identified as a specific chattel. *Rente Co. v. Truckers Express, Inc.*, 116 S.W.3d 326, 332 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Among other characteristics, money that qualifies as specific chattel must be intended to be kept segregated and maintained in substantially the form in which it was received. *See Mitchell Energy Corp. v. Samson Resources Co.*, 80 F.3d 976, 984 (5th Cir. 1996).

The money assets described in the Complaint do not have these characteristics. A key component of the "automated arbitrage engine" to which Plaintiffs willingly invested funds was that "funds were to be pooled and traded" in aggregate—not segregated. Compl. [Dkt. 1] ¶¶13, 25, 83(c). And even before the machinations of Boyd, Plaintiffs likewise subscribed to a system in which money "placed in the system" would not be maintained in the same form it was received. Plaintiffs understood that funds would be transformed at least twice: routed through a non-custodial exchange platform "to facilitate swaps at reduced cost" and then "converted into USDC." *Id.* ¶ 32. Courts have appropriately found that similar cryptocurrency assets cannot form the basis of a conversion claim. *See, e.g.*, *Liang v. Peng*, No. 4:24-cv-2657, 2025 WL 3050177, at *7–8 (S.D. Tex. Sept. 26, 2025) (granting summary judgment of conversion claim regarding cypto assets because of failure to meet "additional requirements" of a money claim). The same result is warranted here.

### B.    Plaintiffs Have Not Pleaded A Basis To Sue Mrs. Boggs For Breach Of Fiduciary Duty.

In order to proceed on Count Four for breach of fiduciary duty, the Complaint must plausibly allege, among other elements, that Plaintiffs and Mrs. Boggs had a fiduciary relationship. *See Gilbreath v. Horan*, No. 01-17-00316-CV, 2023 WL 3011614, at *38 (Tex. App.—Houston [1st Dist.] Apr. 20, 2023, pet. denied).  The determination of whether such a duty exists can be a question of law.  *See Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005).

The Complaint does not plausibly allege that Mrs. Boggs had a relationship with Plaintiffs, much less a formal or informal relationship sufficient to create a fiduciary duty.  Plaintiffs' full allegation to establish a duty reads: "By soliciting and receiving digital assets from Plaintiff for the purpose of trading on their behalf, Defendants assumed a fiduciary duty to act with the utmost good faith, loyalty, and care."  Compl. [Dkt. 1] ¶75.  This allegation fails as a matter of law in two respects.  First, this lone allegation plainly does not apply to Mrs. Boggs.  The Complaint does not allege that Mrs. Boggs "solicit[ed] digital assets" or received funds "for the purpose of trading."  To the contrary, Plaintiffs repeatedly claim that Mrs. Boggs received a "portion" of assets converted by Boyd without Plaintiffs' knowledge and "for her personal benefit."  *E.g.*, Compl. [Dkt. 1] ¶52.  Without even alleging the existence of a fiduciary relationship, Plaintiffs cannot possibly state a viable claim for breach of fiduciary duty.

Second, assuming *arguendo* that Mrs. Boggs was one of the "Defendants" that solicited Plaintiffs' "digital assets" for trading purposes contrary to the four corners of the Complaint, the relationship actually described in the Complaint is more akin to a hedge-fund manager, which does not owe a fiduciary duty, than a securities broker authorized to exercise his or her discretion on behalf of the principal.  *Compare Mary E. Bivins Found. v. Highland Capital Mgmt.*, 451 S.W.3d 104, 113 (Tex. App.—Dallas 2014, no pet.), *with Martinez Tapia v. Chase Manhattan Bank*, 149

11

F.3d 404, 412 (5th Cir. 1998) (securities broker).  According to the Complaint, the "core trading functionality" of the defendants who solicited and oversaw Plaintiffs' investments (*i.e.*, *not* Mrs. Boggs) was to utilize a "sophisticated, AI-powered trading system" to "automatically" grow cryptocurrency investments at "predictable" return rates.  Compl. [Dkt. 1] ¶¶22, 26.  Like the hedge fund managers in *Mary E. Bivins*, the Defendants described in the Complaint were "concerned with the fund's performance, not with each investor's financial condition."  451 S.W.3d at 113. Indeed, unlike a stockbroker with full discretion to use a principal's funds, a touchstone component of the "automated" arbitrage system in this case was that "no single person could access" invested funds—including Defendants.  Compl. [Dkt. 1] ¶24.  According to the Complaint, Plaintiffs assumed that "funds were institutionally housed," as opposed to being "under Defendants' exclusive control."  *Id.* ¶46.  In short, taking the allegations in the Complaint as true, Plaintiffs have not pleaded a fiduciary duty under Texas law.

This Court recently dismissed a more sophisticated claim for breach of fiduciary duty under Rule 12(b)(6) than Plaintiffs have alleged.  *See Occidental Petroleum Corp. v. Wells Fargo Bank, N.A.*, 573 F. Supp.3d 1161 (S.D. Tex. 2021); *see also, e.g.*, *In re Heartland Payment Sys., Inc. v. Customer Data Sec. Breach Lit'n*, No. H-10-171, 2011 WL 1232352, at *19–21 (S.D. Tex. Mar. 31, 2011) (dismissing claims upon finding that "the allegations . . . [of] fiduciary duties" were "insufficient").  In *Occidental Petroleum*, a plaintiff company sued the trustee of a rabbi trust for failing to sell shares of stock before the stock market crashed due to the COVID-19 pandemic. 573 F. Supp.3d at 1163–64.  This Court rejected arguments by the plaintiff for the existence of both a formal and informal fiduciary relationship as a matter of law.  *Id.* at 1167–71.  The Complaint here does not support even a trace of such a duty.  The Court should dismiss Plaintiffs' fiduciary duty claim just like the claim in *Occidental Petroleum*.

### C.    Plaintiffs Fail To State A Claim For Unjust Enrichment.

Complaint Count Five should be dismissed with respect to Mrs. Boggs for three reasons. First, this Court has not recognized unjust enrichment as independent cause of action. *See Williams v. Apple Inc.*, No. H-19-782, 2019 WL 2057960, at *5 (S.D. Tex. May 9, 2019) (citing *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015); *see also Redwood Resort Props., LLC v. Holmes Co. Ltd.*, No. 3:06-CV-1022-D, 2006 WL 3531422, at *9 (N.D. Tex. Nov. 27, 2006) (rejecting unjust enrichment claim as failing to qualify as an independent cause of action). Because Plaintiffs have no viable claims against Mrs. Boggs upon which they may base a claim for unjust enrichment, Count Five must be dismissed.

Second, even if the Court were to recognize unjust enrichment as a cause of action or theory of recovery, Plaintiffs' pleading would still need to articulate a factual basis for equitable relief. *See Allstate Ins. Co. v. Donovan*, No. H-12-0432, 2012 WL 2577546, at *18 (S.D. Tex. July 30, 2012). The Court cannot accept as true "unsupported conclusions." *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004). Here, Plaintiffs allege nothing under Count Five but three sentences, including the unsupported allegation, "Defendants were unjustly enriched at the expense of Plaintiffs by acquiring, retaining, and utilizing their cryptocurrency assets under false pretenses." Compl. [Dkt. 1] ¶¶78–81. Such superficial claims "must be dismissed pursuant to Rule 12(b)(6)." *Allstate Ins.*, 2012 WL 2577546, at *18.

Third, even if the Court were to look beyond Count Five to contrive a stated theory of unjust enrichment liability, Plaintiffs' allegations regarding Mrs. Boggs are inconsistent with "an implied-contract basis for requiring restitution." *See Perales v. Bank of America, N.A.*, No. H-14-1791, 2014 WL 3907793, at *3 (S.D. Tex. Aug. 11, 2014). Unjust enrichment requires, among other things, a transaction between parties involving "a transfer to the defendant by the plaintiff." *Id.* The crux of Plaintiffs' allegations against Mrs. Boggs, however, is that the funds she received

13

were not conveyed directly from, or indeed even "traceable" to, Plaintiffs.  *See id.* ¶52.  Advancing

a quasi-contract or contract implied-in-law theory makes no sense with respect to Mrs. Boggs here.

### D.    Plaintiffs' Fraud-Based Claims Fail.

Complaint Counts Six, Seven, and Eight plead causes of action for common law fraud,

"fraudulent inducement," and "fraudulent concealment," respectively.   These counts are not

pleaded with particularity and do not describe actionable fraud by Mrs. Boggs in any event.

#### 1.    Plaintiffs Do Not Satisfy Rule 9(b)'s Heightened Pleading Requirement.

Allegations of fraud must be pleaded with specificity to satisfy Rule 9(b).  A claim of fraud

must allege "the who, what, when, and where."  *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178

(5th Cir. 1997).  Among other requirements, a plaintiff must "specify the particulars of time, place,

and contents of the false representations."  *Id.* at 179 (citing *Tuchman v. DSC Commc'ns Corp.*,

14 F.3d 1061, 1068 (5th Cir. 1994)).  "Anything less fails to provide defendants with adequate

notice of the nature and grounds of the claim."  *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th

Cir. 2000).

Among other shortcomings, the Complaint alleges *no misrepresentation at all* by

Mrs. Boggs to Plaintiffs, much less the "time, place, and contents" of any such misrepresentation.

*See* Compl. [Dkt. 1] ¶83 (generally describing five "false misrepresentations" made by

"Defendants" other than Mrs. Boggs); ¶86 (generally describing three purported "false

inducements" made by "Defendants" other than Mrs. Boggs); ¶89 (generally describing five

"material facts" purportedly "concealed" by "Defendants" other than Mrs. Boggs).   Indeed,

Mrs. Boggs is not mentioned *at all* in Counts Six, Seven, or Eight.  Plaintiffs' wholesale omission

of Mrs. Boggs is fatal to their fraud claims.  *See Williams v. WMX Techs.*, 112 F.3d at 179 ("The

failure of this section of the complaint to identify specific statements made by any of the defendants

14

is fata to [plaintiffs'] action."); *Bank of New York Mellon*, No. CV H-16-3238, 2017 WL 3424975, at *13 (S.D. Tex. Aug. 9, 2017) (dismissing fraud claims with prejudice where plaintiff made only vague and conclusory allegations of fraud and malice, but included no facts and no specifics as to any fraudulent conduct, false representation, or reliance); *Schouest v. Medtronic*, 92 F. Supp.3d 606, 611 (S.D. Tex. 2015) (plaintiff failed to sufficiently plead fraud claim where she did not identify the speaker, or when, or where the statements were made); *see also U.S. ex rel. Briseno v. Hillcroft Medical Clinic Ass'n*, No. 4:20-cv-02871, 2022 WL 17417178, at *4 (S.D. Tex. Dec. 5, 2022) (recommending dismissal of fraud claims based on "vague, factless conclusions").

> **2.      Even If Plaintiffs' Attempted To Satisfy Rule 9(b), The Complaint Allegations Affirmatively Disprove Required Fraud Elements.**

Even if Plaintiffs were afforded an opportunity to add allegations to the Complaint in an effort to comply with Rule 9(b), the facts already alleged by Plaintiffs undercut the three fraud-based claims with respect to Mrs. Boggs.

First, among other elements, a plaintiff asserting a claim for common-law fraud in Texas must plausibly allege that the plaintiff relied on a representation by the defendant. *See International Bus. Machs. Corp. v. Lufkin Indus.*, 573 S.W.3d 224, 228 (Tex. 2019). Such reliance must be both actual and justifiable. *See Barrow-Shaver Rs. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496–97 (Tex. 2019). Actual reliance is disproven if a plaintiff's conduct was based on information obtained from a source other than the defendant. *See Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W.2d 925, 930 (Tex. 1996). A central allegation in the Complaint concerning Mrs. Boggs, however, is that Plaintiffs only discovered, "on information and belief," that a "portion" of the funds "diverted" through channels in Boyd's control were allegedly deposited into Mrs. Bogg's account after the fact. *See* Compl. [Dkt. 1] ¶52. This purported diversion of funds was "omitted" from Plaintiffs. *See id.* ¶99(e). Accordingly, even if Plaintiffs alleged Mrs. Boggs

15

made a misrepresentation to Plaintiffs—which they have not and cannot allege—Plaintiffs will never be able to plausibly plead reliance in light of these existing allegations.

Second, among other elements, a plaintiff asserting a claim for fraudulent inducement in Texas must plausibly allege that the defendant intended the plaintiff to act at the time any misrepresentations were made. *See Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.3d 41, 48 (Tex. 1998). The Complaint, however, does not allege that Mrs. Boyd was aware of Boyd's scheme in real time, much less that she acted on that knowledge to mislead Plaintiffs. To the contrary, the only knowledge Plaintiffs allege, "on information and belief," was that Mrs. Boggs had knowledge at the time her bank account became a "beneficiary" of a "portion" of Plaintiffs' converted funds. *See* Compl. [Dkt. 1] ¶¶16, 52 ("Dawn Boggs knowingly accepted investor funds . . ."), 100 ("Dawn Boggs knowingly received assets . . ."), 108(d) ("Dawn Boggs as a knowing recipient . . .").

Third, among other elements, a plaintiff asserting a claim for fraud by nondisclosure in Texas must plausibly allege that the defendant had a duty to disclose the omitted facts to the plaintiff. *See Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001). Such a duty can arise from (a) a fiduciary or other special relationship, (b) discovery of new information that makes an earlier representation misleading or untrue, (c) a partial disclosure creating a false impression, or (d) voluntary disclosure of some information in a way that requires disclosure of the whole truth. *See In re Marriage of Moncur*, 640 S.W.3d 309, 317–18 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Whether a duty to disclose exists is a question of law for the court. *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 834 F. Supp.2d 566, 596 (S.D. Tex. 2011), *rev'd in part sub nom. Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421

(5th Cir. 2013). As discussed above with respect to Count Four, however, Plaintiffs have not, and cannot plausibly, plead such a duty exists on the part of Mrs. Boggs.

### E.    Plaintiffs' Texas Securities Act Claim Should Be Dismissed.

Plaintiffs allege in Count Ten various general violations of the Texas Securities Act. Although Plaintiffs cite Texas Revised Civil Statutes article 581-33, the Texas Securities Act is actually codified in Texas Government Code section 4008.051. This claim should be dismissed as both a matter of procedure and because the Act does not apply to Mrs. Boggs as a matter of law.

First, the Fifth Circuit has held that Texas Securities Act ("TSA") claims brought in federal court must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Williams v. WMX Techs.*, 112 F.3d at 177 ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules."); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008) ("Both federal securities claims and state-law fraud claims are subject to the pleading requirements of Rule 9(b)".). The Complaint falls short of this standard with respect to Mrs. Boggs in at least two respects.

One, Plaintiffs' TSA allegations are not sufficiently specific. A plaintiff alleging a TSA violation must specifically plead the "who, what, when, where, and how" of any allegedly material misstatements and omissions. *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002); *Dorsey*, 540 F.3d at 339. The Fifth Circuit interprets Rule 9(b) strictly, requiring plaintiffs to "specify statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). Here, however, Plaintiffs only plead generally that "Defendants misrepresented" a short list of alleged "material facts." Compl. [Dkt. 1] ¶99. This single paragraph does not identify "who" made the alleged misrepresentations, "when" these alleged misrepresentations were made, "where" they were made,

"to whom" they were made, and "how" they were made. *Id.* The vague list does not meet the strict pleading requirements of Rule 9(b).

Two, Plaintiffs' TSA allegations also suffer from inappropriate group pleading. There are ten plaintiffs and six defendants listed in Plaintiffs' Complaint. *See* Compl. [Dkt. 1] at 3–5. Yet, Plaintiffs fail to provide any clarity regarding which of the "Defendants" made alleged misrepresentations to which plaintiff, including when they were made, where they were made, how they were made, and why they are misleading. *See id.* ¶99. As the Fifth Circuit has held, "allegations contained in the Complaint against the 'defendants' as a group [are not] properly imputable to any particular defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded." *Southland Sec. Corp.*, 365 F.3d at 365. Courts have dismissed Texas Securities Act claims under Rule 12(b)(6) for such pleading defects. *See, e.g.*, *In re Cogent Energy Services, LLC*, No. 23-33659, 2024 WL 3770041, at *6–7 (S.D. Tex. Aug. 12, 2024). Count Ten should be dismissed for the same reason.

Second, even if the Complaint sufficiently pleaded a theory of liability against Mrs. Boggs under the TSA, the Act cannot reach her. This Court has held that a plaintiff/purchaser of purported securities regulated by the TSA can only pursue primary liability under the statute against his or her immediate "seller," *i.e.,* "the person and/or his agent who successfully passes title who actively solicited the purchase." *In re Enron Corp. Securities, Derivative & ERISA Lit'n*, No. MDL-1446, 2004 WL 764664, at *7 (S.D. Tex. Mar. 31, 2004). The Court's rationale was based on the text of the TSA and construction of analogous federal law by the U.S. Supreme Court in *Pinter v. Dahl*, 486 U.S. 622 (1988). The TSA also provides for secondary liability for "aiders" of a plaintiff's seller, but only with additional scienter proof. TEX. GOV'T CODE § 4008.055(c) (requiring "intent to deceive or defraud" or "reckless intent").

The Complaint makes clear that no such privity exists between Plaintiffs and Mrs. Boggs. Plaintiffs characterize Mrs. Boggs as an "insider" who received diverted funds.  Compl. [Dkt. 1] ¶99(e).  Despite a superficial attempt to cast Mrs. Boggs as one of several "'sellers' and 'aiders' under the Act," Plaintiffs' list of Defendants' alleged roles distinguishes individuals who purportedly "directly solicited investments" and Mrs. Boggs, who merely passively "received assets traceable to investor funds."  *Id.* ¶100.  But the Complaint does not allege scienter by Mrs. Boggs in Count Ten sufficient to state a claim under TSA Section 4008.055(c)—nor could it given the limited allegation of "knowledge" throughout Plaintiffs' pleading.  Plaintiffs allege that Mrs. Boggs "knowingly received assets," *id.*, but this falls short of an "intent to deceive," intent to "defraud," or "reckless intent."  Count Ten should therefore be dismissed as a matter of form and incurable law.

### F.    Plaintiffs' Fraud Conspiracy Claim Should Be Dismissed.

Finally, although Plaintiffs expressly list Mrs. Boggs as a defendant purportedly liable for "Civil Conspiracy to Commit Fraud" and allege that disbursement of assets to her furthered the alleged conspiracy, Compl. [Dkt. 1] ¶¶104, 105(e), Complaint Count Eleven should be dismissed with respect to Mrs. Boggs for two reasons.  First, Plaintiffs' conspiracy cause of action is "derivative" of their fraud claims.  *Highland Crusader Offshore Partners, LP v. LifeCare Holdings Inc.*, 377 F. App'x 422, 428 (5th Cir. 2010) (per curiam) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)).  Because they have failed to state a claim for fraud, Plaintiffs have failed to state a claim for conspiracy to commit fraud.

Second, the pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud with the same force as a claim of fraud.  *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009).  Here, neither the fraud claim nor the conspiracy claim is pleaded adequately under Rule 9(b).  Count Eleven is pleaded in three short

numbered paragraphs over one-half page.  *See* Compl. [Dkt. 1] at 28.  Paragraph 105 includes five

summary "overt acts" subparagraphs, but the Count still fails to (a) allege, much less identify with

specificity, any representations by Mrs. Boggs, (b) allege any knowledge by Mr. Boggs of falsity

or deception, or (c) allege any knowledge of, much less reliance by, Plaintiffs with respect to

Mrs. Boggs' purported involvement.  This Court has dismissed fraud conspiracy claims under

similar circumstances.  *See, e.g.*, *Whitney Nat'l Bank v. Med. Plaza Surgical Ctr. L.L.P.*, No.

CIV.A. H-06-1492, 2007 WL 400094, at *5 (S.D. Tex. Feb. 1, 2007).

## **CONCLUSION**

For the foregoing reasons, defendant Dawn Boggs respectfully requests the Court to

dismiss Plaintiffs' claims against her for lack of personal jurisdiction and failure to state a claim

upon which relief can be granted.  Mrs. Boggs reserves all rights to compel arbitration of Plaintiffs'

claims for adjudication on the merits in the alternative, but the law requires Plaintiffs to plead their

claims in the right court and in compliance with applicable law as a threshold matter.

Respectfully submitted,

DRUMHELLER, HOLLINGSWORTH & MONTHY, LLP

 /s/ *Jeremy T. Monthy*
Jeremy T. Monthy, *Attorney-in-Charge*
State Bar No. 24073240
Federal I.D. No. 1115582
Derek S. Hollingsworth
State Bar No. 24002305
Federal I.D. No. 34569
712 Main Street, Suite 1705
Houston, Texas  77002
Telephone:  (713) 751-2300
Facsimile:  (713) 751-2310
Emails:  jmonthy@dhmlaw.com
          dhollingsworth@dhmlaw.com

20

**COGDELL LAW FIRM, PLLC**
Dan Cogdell
Texas Bar # 04501500
Cogdell Law Firm
712 Main St., Suite 2400
Houston, TX 77002
Telephone: 713 426 2244
Email: dan@cogdell-law.com

**ATTORNEYS FOR DEFENDANTS,
MIKE BOGGS, PETER D. HATZIPETROS,
ANGELS CODING, LLC, AND DAWN
BOGGS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties, including:

Kyle A. Coker
Kaitlyn M. Coker
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas  75202

*Attorneys for Plaintiffs*

/s/ Jeremy T. Monthy
Jeremy T. Monthy